UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:10-cv-535-OC-10-GJK

ADAM HENGGELER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

**DISPOSITIVE MOTION**

## DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS THE COMPLAINT; AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 3.01 and Fed.R.Civ.P. 12(b)(6), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court to dismiss the Complaint for failing to state a claim upon which relief can be granted. In support of this Motion, Wells Fargo submits the following memorandum of law:

## MEMORANDUM OF LAW

### I.     INTRODUCTION

The action before this Court is an attempt by the Plaintiff, Adam Henggeler, to circumvent, stall, or complicate a state court foreclosure proceeding involving a mortgage on Mr. Henggeler's residence. Wells Fargo filed a foreclosure complaint on December 24, 2009 in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, as Case No. 09-7211-CAB. The state court foreclosure action (the "State Court Action") seeks to foreclose the property (the "Property") securing and described in a mortgage entered into between Mr. Henggeler and Wells Fargo on May 7, 2009 (the "Mortgage"). A copy of Wells Fargo's

foreclosure complaint in the State Court Action is attached hereto as **Exhibit A**. A copy of the Mortgage is attached to the foreclosure complaint.

Plaintiff filed the instant case in this Court on October 11, 2010 seeking, among other things, injunctive relief to halt the state court proceedings. Although the Complaint lacks any material facts specific to the Borrower or to Wells Fargo, and appears to be nothing more than a form pulled off the internet,[1] the Complaint challenges both Wells Fargo's standing to foreclose on the property at issue in the State Court Action and the mortgage lien interest that is the subject of the foreclosure, and appears to assert multiple purported causes of action, including: negligence, fraud and fraudulent inducement, breach of fiduciary duty, violations of the Real Estate Settlement Practices Act ("RESPA") and the Truth-in-Lending Act ("TILA"), unjust enrichment, quiet title, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The one thing that is clear from the Complaint is that every single cause of action relates to Plaintiff's mortgage loan that is the subject of the State Court Action.

At the same time he filed his Complaint, Plaintiff also filed a Motion for Preliminary Injunction, apparently seeking to halt the foreclosure proceedings. This Court has already denied that Motion without prejudice. [D.E. 3].

The Court should dismiss the Complaint in its entirety because it fails to state a claim upon which relief may be granted.

---

[1] A nearly identical form complaint was recently filed in this District in at least four other cases. *See* Case No. 6:10-cv-1430-ORL-18-KRS; Case No. 2:10-cv-483-JES-SPC; Case No. 2:10-cv-564-JES-SPC; and Case No. 8:10-cv-2074-T26-TGW.

## II. MEMORANDUM OF LAW

### 1. Standard For Rule 12(b)(6) Motion To Dismiss

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. The Coca-Cola Company*, 578 F.3d 1252, 1260 (11th Cir. 2009). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Documents that are referenced in the complaint and that are central to the claim may be considered by the court on a motion to dismiss even if they are not attached to the complaint. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

While the pleadings of *pro se* litigants are held to less stringent standards than those drafted by an attorney, they must still meet minimal pleading requirements. *See Olsen v. Lane*, 832 F.Supp. 1525, 1527 (M.D.Fla. 1993). Here, Plaintiff has failed to meet even the "minimal requirement of technical exactness on the pleader" required under Rule 8. *See DiDomenico v. New York Life Ins. Co.*, 837 F.Supp. 1203 (M.D.Fla. 1993).

### 2. The Complaint Should be Dismissed in its Entirety

As a preliminary matter, this Court should note that Judge Presnell recently dismissed a complaint that is nearly identical in form and substance to the one at issue here. *See Brackett v. Wells Fargo Bank*, Case No. 6:10-cv-01430-GAP-KRS (D.E. 7). A copy of the Order of

dismissal is attached hereto as **Exhibit B**, and a copy of the complaint at issue in that case (which is nearly identical to the complaint in this case) is attached hereto as **Exhibit C**.

In his order of dismissal, Judge Presnell found that "the vast bulk of the 25-plus page [complaint] is made up of generic allegations of rampant misbehavior in the American finance industry and legal conclusions that could have been copied from treatises or hornbooks," (**Exhibit B**, at 1), and that "[a]ll of the legal conclusions are presented without the support of particularized factual allegations." *Id.*, at 2. Judge Presnell further found that "[t]he unusually large number of claims asserted (or apparently intended to be asserted) in the Complaint, combined with the utter absence of factual allegations in support, suggests that the Complaint was filed solely to gum up the works of an imminent or ongoing foreclosure proceeding." *Id*.

For the same sound reasons identified by Judge Presnell, the Complaint here should be dismissed in its entirety. The Complaint should also be dismissed for the following additional specific reasons:

> a. The Negligence and Breach of Fiduciary Duty Claims Should be Dismissed

Plaintiff's negligence and breach of fiduciary duty claims should be dismissed for at least four independent reasons. First, no duty exists between the parties apart from the duties imposed by the loan documents. Absent a special pre-existing relationship, "the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." *First Nat. Bank and Trust Co. of Treasurer Coast v. Pack*, 789 So.2d 411, 414 (Fla. 4th DCA 2001); *see also Barnett Bank of West Florida v. Hooper*, 498 So.2d 925 (Fla. 1986) (no fiduciary duty between creditors and debtors); *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994) (recognizing the general rule that a bank owes no fiduciary responsibilities to a borrower); *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993) (in an arms-length transaction,

"there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered"); *Doe v. Evans,* 814 So.2d 370, 374 (Fla. 2002) (to establish a fiduciary duty, a party must be "under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation"); *Maxwell v. First United Bank*, 782 So.2d 931 (Fla. 4th DCA 2001) (lenders do not owe duties to borrowers, since they are on the opposite side of the transaction).

As this Court has held on multiple occasions, in the absence of unusual circumstances, there is no "authority that imposes a duty on lenders to, in essence, act as financial advisors or fiduciaries for the benefit of their potential borrowers."  *See Matthys v. MERS*, 2009 WL 3762632 (M.D. Fla. Nov. 10, 2009) (dismissing negligence-based claims against lender because no duty is imposed on lender in a typical lender-borrower relationship); *see also Azar v. National City Bank*, 2009 WL 3668460 (M.D. Fla. Oct. 26, 2009) (dismissing negligence and breach of fiduciary duty claims against lender because no duty exists between the lender and the borrower).

In this case, while Plaintiff broadly asserts that Wells Fargo owed him various duties, he does not allege a single <u>fact</u> suggesting that Plaintiff's loan transaction was anything other than a standard, arms-length transaction which, as a matter of law, does not give rise to a fiduciary duty or duty of care.  In the absence of any such duty, the breach of fiduciary duty and negligence claims must be dismissed.

<u>Second</u>, Plaintiff also fails to allege any facts to support the other elements of his breach of fiduciary duty and negligence claims.  For example, Plaintiff does not allege <u>how</u> Wells Fargo breached its supposed duties, and fails to explain how he was injured or how his supposed injuries were proximately caused by the alleged breach.  There are simply no facts demonstrating <u>any</u> of those elements.

Third, Plaintiff's negligence and breach of fiduciary duty claims are barred by the economic loss rule. Florida courts routinely prohibit tort claims where the damages arise from a written contract. *See Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F.Supp.2d 1357, 1363 (S.D. Fla. 2001); *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532 (Fla. 2004) (the prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort); *see also Azar,* 2009 WL 3668460, at *3 (in similar circumstances, recognizing that the economic loss rule would bar negligence claim).

Here, the duties allegedly breached by Wells Fargo arise solely under the terms of the loan documents, not in tort. As such, the tort claims are barred by the economic loss doctrine and should be dismissed.

Fourth, and finally, since Plaintiff's negligence and breach of fiduciary duty claims appear to be solely premised on violations of TILA, HOEPA, and RESPA (*see e.g.,* Complaint, at 18), they are preempted by those federal statutes. *See, e.g., Kajitani v. Downey Sav. and Loan Ass'n, F.A.,* 647 F.Supp.2d 1208, 1216-21 (D. Hawaii 2008) (common law claims premised on TILA violation was preempted by TILA). For these reasons, the negligence and breach of fiduciary duty claims should be dismissed with prejudice.

     b.  The Fraud and Fraudulent Inducement Claims Should Be Dismissed

Plaintiff's fraud and fraudulent inducement claims fail to meet the particularity requirements of Rule 9(b), and fail to allege the necessary elements of fraud. Pursuant to Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See* Fed. R. Civ. P. 9(b). Rule 9(b) "may be satisfied if the complaint sets forth: (1) precisely what statements were made in

what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *See Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370 (11th Cir. 1997) (internal citations omitted).

In this case, the fraud-based claims fail to meet the requirements of Rule 9(b), and fail to adequately allege the elements of fraud. Plaintiff does not allege <u>any</u> facts regarding who made the supposedly fraudulent misrepresentations, what the misrepresentations were, when they were made, or what Wells Fargo obtained as a result. Plaintiff also fails to allege any facts whatsoever to support the reliance, intent, and proximate cause elements of their claims. *See Badillo v. Playboy Entm't Group, Inc.*, 2006 WL 785707, *5 (M.D. Fla. Mar. 28, 2006) (listing elements of fraud).

Further, under settled Florida law, "[a] party cannot recover for alleged false misrepresentations that are adequately dealt with or expressly contradicted in a later written contract." *See, e.g., Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.,* 850 So.2d 536, 542-43 (Fla. 5th DCA 2003). "To hold otherwise is to invite contracting parties to make agreements of the kind in suit and then avoid them by simply taking the stand and swearing that they relied on some other statement." *Tevini v. Roscioli Yacht Sales, Inc.,* 597 So.2d 913, 914 (Fla. 4th DCA 1992); *see also Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1441 (S.D. Fla. 1996) (reliance is inherently unreasonable when the promisee enters into a subsequent written contract with the promisor). Because Plaintiff appears to be claiming that Wells Fargo made misrepresentations during the loan application and origination process, the written loan documents negate these

claims. For these reasons, Plaintiff's fraud-based claims are insufficiently pled and barred, and they should be dismissed with prejudice

                c.        Plaintiff's TILA, RESPA, and HOEPA Claims Should Be Dismissed

It appears Plaintiff has attempted to assert a claim for damages and rescission based upon Wells Fargo's alleged violations TILA, RESPA, and HOEPA. At the outset, Plaintiff has failed to plead any facts relating to any <u>written</u> disclosure of loan terms which TILA governs. *See In re Countrywide*, 2008 WL 5450351, * 3 (S.D. Cal. Dec. 30, 2008) (where the factual basis for the plaintiff's claims did not concern written disclosure of actual loan terms, the court held the conduct was not governed by TILA."). Further, it is unclear what alleged actions by Wells Fargo serve as the basis for these claims.

Pursuant to 15 U.S.C. §1640(e), however, all causes of action for damages under TILA and HOEPA, must be brought "within one year from the date of the occurrence of the violation." *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703 (11th Cir. 1998); *Williams v. Saxon Mortgage Co.*, 2007 WL 2828752 (S.D. Ala. Sept. 27, 2007). Similarly, pursuant to RESPA, 12 U.S.C. §2614, damage claims must be brought within "1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation."

As to "date of the occurrence of the violation," it is well-settled law that in closed-end credit transactions, the "date of the occurrence of violation" for disclosure based claims is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs. *See In re Smith (Smith v. American Fin. Sys., Inc.)*, 737 F.2d 1549, 1552 (11th Cir.1984); *Salois v. Dime Sav. Bank*, 128 F.3d 20, 25 (1st Cir.1997). As to rescission claims, the date of the violation is twenty days after a valid notice to cancel is received but not honored. *See Percival v. American Home Mortgage Corp.*, 469 F.Supp.2d 409 (N.D. Tex. 2007).

In his Complaint, Plaintiff acknowledges the one-year limitations period, but argues the limitations period should be equitably tolled. For equitable tolling to apply, however, there must be "fraudulent conduct beyond the non-disclosure…." *Veal v. Crown Autho DealersShips, Inc.*, 236 F.R.D. 572 (M.D. Fla. 2006); *Pedraza v. United Guar. Corp.*, 114 F.Supp. 2d 1347 (S.D. Ga. 2000). Specifically, "in order to qualify for the protection provided by equitable tolling, [the plaintiff] must show that (1) the defendant engaged in a course of conduct designed to conceal evidence of his alleged wrongdoing; (2) the plaintiff was not on actual or constructive notice of that evidence; and, (3) the plaintiff exercised due diligence; viz., the plaintiff did not 'sleep on her rights.'" *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir.1996); *Larson v. Northrop Corporation*, 21 F.3d 1164, 1173 (D.C.Cir.1994).

The Complaint here pleads no facts relating to any right to rescind or notice to cancel that Plaintiff sent to Wells Fargo. Further, there are no allegations of "fraudulent conduct beyond the non-disclosure" or *any* conduct by Wells Fargo to conceal evidence. Thus, the Complaint does not state a plausible claim for equitable tolling of the statutory limitation periods or for rescission under TILA, RESPA, and HOEPA. The mortgage loan transaction between the parties took place in May 2009. *See* **Exhibit A**. The date of occurrence of any disclosure-based claim had long passed when Plaintiff filed this Complaint in October 2010. Accordingly, Plaintiff's damages and rescission claims under TILA, RESPA and HOEPA should be dismissed as time-barred.

Even if the claims are not time-barred, they also fail because Plaintiff does not allege any facts demonstrating that she was harmed as a result of the supposed violation. *See Vallies v. Sky Bank*, 2009 WL 5154473 (3d Cir. December 31, 2009) (showing of detrimental reliance required to recover actual damages for TILA disclosure violations). Plaintiff's conclusory allegations

provide no facts whatsoever, do not explain how she was damaged, and are insufficient as a matter of law. Plaintiff also does not allege what documents were improperly withheld. For these reasons, the TILA, HOEPA, and RESPA claims should be dismissed with prejudice

### d. The Unjust Enrichment Claim Should be Dismissed

Plaintiff's unjust enrichment claim fails because there was an express contract – the mortgage loan (*see* **Exhibit A**) -- between the parties. *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326-27 (S.D. Fla. 2000) (unjust enrichment claim fails where there is an express contract between the parties); *American Honda Motor Co. v. Motorcycle Information Network*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). Additionally, a plaintiff cannot assert a claim in equity when they have a remedy at law. *Id.*

Moreover, Plaintiff fails to allege the necessary elements of an unjust enrichment claim. The elements that must be pled are "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *See Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004) (internal citations omitted). Plaintiff here has not even attempted to allege facts in support of any of these elements. Accordingly, the claim for unjust enrichment must be dismissed.

### e. The Quiet Title Claim Should be Dismissed

Notwithstanding the existence of a state court foreclosure case, Plaintiff seeks quiet title to his home. The quiet title claim is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, because the sole reason for any such claim is to try to prevent the state court from proceeding with the State Court Action and from entering a foreclosure judgment. *See Gloucester Marine Railways Corp. v. Charles Parisi, Inc.*, 848 F.2d 12 (1st Cir. 1988) (Anti-Injunction Act barred equitable relief where the purpose was to preclude enforcement of state court judgment); *In re*

*Glenn Turner Enterprises Litig.,* 521 F.2d 775, 779 (3d Cir. 1975) (Anti-Injunction Act prohibits interference with action "to enforce collection of a state court judgment").

Plaintiff also alleges no facts that would entitle him to quiet title on the property at issue in this case. Thus, the quiet title claim should be dismissed.

      f.      The Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed

Plaintiff attempts to state a cause of action for "Breach of the Implied Covenant of Good Faith & Fair Dealing." Plaintiff fails, however, to identify an express contractual provision that has been breached. This is fatal to his claim. *See Hospital Corp. of America v. Florida Medical Center, Inc.*, 710 So.2d 573, 575 (Fla. 4th DCA 1998) (the implied covenant "must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements").

      g.      The Intentional Infliction of Emotional Distress Claim Should Be Dismissed

Plaintiff fails to state a claim for intentional infliction of emotional distress since she has not alleged conduct that is outrageous as a matter of law. In order to assert a viable claim for intentional infliction of emotion distress in Florida, a Plaintiff must allege that: (1) Defendant's conduct was intentional or reckless; (2) Defendant's conduct was outrageous; (3) Defendant's conduct caused emotional distress; and (4) Plaintiff suffered severe emotional distress. *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla. 1985). The conduct alleged must be "so outrageous in character and extreme in degree as to exceed all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *House of God Which is the Church of the Living God, the Pillar and Ground of the Truth Without Controversy, Inc. v. White*, 792 So.2d 491, 493 (Fla. 4th DCA 2001) (internal citations omitted); *State Farm*

*Mut. Auto. Ins. Co. v. Novotny*, 657 So.2d 1210, 1213 (Fla. 5th DCA 1995) ("It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort").

Whether the conduct alleged in a complaint may constitute outrageous conduct is a question of law for the court. *Gandy v. Trans World Computer Tech. Group*, 787 So.2d 116, 119 (Fla. 2d DCA 2001) ("Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact."); *Scheller v. Am. Med. Int'l, Inc.*, 502 So.2d 1268, 1271 (Fla. 4th DCA 1987) ("[I]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."). If the acts alleged do not meet the law's high threshold for recovery, then the claim should be dismissed.

Here, Plaintiff alleges no facts specific to himself or to Wells Fargo. The bald and generic allegations in the Complaint simply do not meet the "outrageous conduct" standard as a matter of law. For these reasons, the intentional infliction of emotional distress claim should be dismissed.

### h. All Other Claims Should be Dismissed

Plaintiff's Complaint is dense and confusing. To the extent that the Court locates in the Complaint any additional claims not specifically addressed in this Motion, Wells Fargo requests the Court to dismiss those claims as well because they are not adequately pled.

## III. CONCLUSION

For the reasons discussed above, Wells Fargo respectfully requests the Court to dismiss the entire Complaint with prejudice.

Dated: November 10, 2010

                                **CARLTON FIELDS, P.A.**
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368


By: /s/ David B. Esau
    Michael K. Winston
    Florida Bar No. 051403
    E-mail: mwinston@carltonfields.com
    David B. Esau
    Florida Bar No. 650331
    E-mail: desau@carltonfields.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*


### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system:

Adam Henggeler
13591 SW 40th Cir.
Ocala, Florida 34473
(via U.S. Mail)
*Plaintiff*


                                /s/ David B. Esau
                                David B. Esau