UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADAM D. HENGGELER and
STEPHANIE M. HENGGELER,

        Plaintiffs,

-vs-                                          Case No. 5:10-cv-535-Oc-10TBS

WELLS FARGO BANK, N.A.,

        Defendant.
_____

## **ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiffs Adam and Stephanie Henggeler, proceeding *pro se*, filed a twenty-four (24) page Complaint (Doc. 1) which contained no allegations of fact describing any specific transaction between the parties. It also appeared that the Complaint was filed in this Court in an effort to thwart then-pending foreclosure proceedings in state court involving the parties and a home located in Ocala, Florida.

On August 2, 2011, the Court entered an Order dismissing the Complaint without prejudice and with leave to amend (Doc. 23). In that Order the Court noted that the Complaint was "a blatant violation of Rule 8 of the Federal Rules of Civil Procedure, and a probable violation of Fed. R. Civ. P. 11(b)(1)." (Id., p. 2). The Court advised the Plaintiffs that if they "choose[ ] to file an amended complaint, compliance with Rule 8 will be expected, failing which the action will be subject to dismissal with prejudice and without further notice." (Id.). The Court further listed the requirements of Rule 8, including:

> a short and plain statement of the grounds of the court's jurisdiction; a separate count for each of the legal theories of recovery; and a short and plain statement, in separately numbered paragraphs (in each count) of the specific facts which, if proved, will entitle the Plaintiff[s] to relief under the assorted legal theory or theories relied upon.

(Id., p. 2, n. 2).

On August 10, 2011, the Plaintiffs filed an "Affidavit of Amended Complaint and Request for an Evidentiary Hearing Based Upon Fraud on the Court" (Doc. 24). Fourteen (14) days later, Defendant Wells Fargo Bank, N.A., filed a motion to dismiss (Doc. 25). The Plaintiffs have not responded to the motion, and the time for responding has expired.

Although the Henggelers have now separated their statements into numbered paragraphs, the Amended Complaint remains a largely incomprehensible and rambling attack on Wells Fargo, as well as an attempted dissertation on the laws of banking and the rules of state and federal procedure.

The Court finds that the Henggelers have failed to heed the Order of August 2, 2011, and the Amended Complaint is due to be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8.

This is not the only reason dismissal with prejudice is warranted. To the extent the Amended Complaint is comprehensible, it appears that the Henggelers seek an order compelling Wells Fargo to transfer legal title and possession of the Ocala, Florida home to the Henggelers, a declaration that the Henggelers are the rightful owners of the home and that Wells Fargo has no claim to the property, an injunction against Wells Fargo ever

attempting to claim any right or interest in the property, and restitution in the amount of $690,000.00 (Doc. 24, p. 10). However, as Wells Fargo points out in its motion, this home in Ocala, Florida has been the subject of ongoing foreclosure proceedings between the parties in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, since December 24, 2009, Case No. 09-7211-CAB (Doc. 25, Ex. A). The state court entered a final judgment of foreclosure in favor of Wells Fargo on July 12, 2011 (Doc. 25, Ex. B, Doc. 24, ¶¶ 27-28).[1] The Henggelers did not appeal the final judgment of foreclosure.

As such, it is clear that the relief sought by the Plaintiffs is barred under the Rooker/Feldman doctrine,[2] which prevents federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005).

The Plaintiffs also contend in their Amended Complaint that Wells Fargo committed fraud in the state foreclosure proceedings, did not have standing to bring the proceedings, and was not the true owner of the mortgage. Regardless of the terminology used, what the Plaintiffs are really asking for is this Court to review and overturn a final state court

---

[1] "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001).

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

judgment. Under these circumstances, the Court must abstain from exercising jurisdiction under Rooker/Feldman. See Parker v. Potter, 368 Fed. Appx. 945, 2010 WL 892846 (11th Cir. Mar. 15, 2010); Velardo v. Fremont Investment & Loan, 298 Fed. Appx. 890, 2008 WL 4768850 (11th Cir. Nov. 3, 2008); Stack v. Mason & Associates, 245 Fed. Appx. 920, 2007 WL 2415177 (11th Cir. Aug. 24, 2007); Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130, 2005 WL 954331 (11th Cir. April 25, 2005); Aboyade-Cole Bey v. BankAtlantic, No. 6:09-cv-1572-Orl-31GJK, 2010 WL 3069102 (M.D. Fla. Aug. 2, 2010).

Accordingly, upon due consideration, Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss the Amended Complaint (Doc. 25) is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiffs dismissing the Amended Complaint (Doc. 24) WITH PREJUDICE. The Clerk is further directed to terminate all pending motions and to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of September, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

4